JOHN STEINMETZ *et al.*

*v.*

ANNA BARBARA LANG *et al.*

1. DEED OF TRUST—*evidence as to discharge.* The production of a trust deed and note secured by it, by the payee or his representative, is *prima facie* evidence that the debt still subsists, and proof of payment or discharge devolves on the party seeking to avoid the same.

2. A statement on the back of a note secured by deed of trust, that a release of the trust deed was made and delivered by order of the holder, which is canceled, where no release is shown, and the note and deed are found among the papers of the deceased payee, is not sufficient to show payment, or a release of the deed of trust.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

This was a bill in chancery, by John Steinmetz and John D. Zernitz, executors of the last will and testament of Peter H. Fischer, deceased, against Anna Barbara Lang and Charles Lang, administrators of the estate of Michael Lang, deceased, and others, to foreclose a deed of trust.

Messrs. M. MARX & SON, for the appellants.

Mr. OMAR BUSHNELL, and Messrs. ELDRIDGE & TOURTELLOTTE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed June 12, 1874, to foreclose a trust deed, dated November 3, 1864, executed by Anna Barbara Lang, one of the appellees, and Michael Lang, deceased, and given to secure the payment of the following promissory note:

"CHICAGO, *November* 3, 1864.

Two years after date, I promise to pay to the order of Peter H. Fischer two hundred and fifty dollars, value received, with interest at ten per cent per annum.

$250.                                        MICHAEL LANG."

On the back of the note appears the following indorsement, erased by crossing out the words with a pen:

"Release of trust deed by which this note is secured, made and delivered by order of holder.

P. H. FISCHER,

*January* 10, 1871.                        L. J. J. NISSEN."

The court below, on hearing, dismissed the bill, and the complainants appealed.

There is no controversy as to the execution or validity of the note or trust deed. The only question made is as to the effect of the canceled indorsement which appears upon the back of the note.

Lang and Fischer, the maker and payee of the note, departed this life before the commencement of the suit, the former, in November, 1871, and the latter, in April, 1874. On the first day of June, 1872, Fischer, the payee, presented the note in the county court of Cook county, as a claim against the estate of Lang, and it was allowed by the court in the sum of $437.30.

John Steinmetz, one of the executors of Fischer, testifies that, some two or three years before, during the lifetime of Fischer, he saw the note in the hands of Fischer, and that the indorsement and the erasure of it were then upon the note, just as they appear now.

Mr. L. J. J. Nissen testified that he was a practicing lawyer in the city of Chicago, having been engaged in the practice

there since 1859; that he had occasionally done business for
Fischer; that the indorsement upon the back of the note was
in his handwriting, although he had no recollection when or
why it was placed there; that the erasure marks on the cross-
ing out of the indorsement he believed to be his own erasure
or writing; that he had examined and was satisfied the erasure
was made by him; he had no distinct recollection either of
the writing or of the crossing it out. The witness stated that
he was acquainted with Ferdinand Juergens, the trustee named
in the trust deed; that one Miller, a justice of the peace, in
the course of his business, drew several trust deeds of this
character, amounting, probably, to hundreds, in which he had
appointed this man Juergens a trustee; that Juergens was
quite an illiterate man, and came to witness and made an
arrangement with him, that, whenever application was made
at Miller's office for a release of any of these trust deeds, he
would send the parties to witness; that he should examine into
the matter whether they were entitled to a release, and if so,
witness should draw up the releases, and Juergens would then
execute them, but that he would not execute any releases until
witness had passed upon them, whether it was proper for him
to execute them or not; that, under this arrangement, he
passed upon several, and drew up releases, and, on sending
them to Juergens, he would execute them without any further
question; that, in these cases, it was his practice to make an
indorsement as well upon the note as upon the trust deed
itself, to the effect that a release had been made out and de-
livered, if such was the case. The witness stated he had no
recollection of a release having been executed and delivered
releasing the trust deed, but a release might have been exe-
cuted and, for some reason, not delivered, and he was morally
certain was not delivered, else he would have been apt to have
made a similar indorsement on the trust deed. There is no
such indorsement upon it. This, with the trust deed and note,
is substantially all the testimony.

The production of the trust deed and note by complainants

is *prima facie* evidence that the debt still exists, and proof of payment or discharge devolves on the defendants.

All the proof in that direction consists in this statement on the back of the note, that a release of the trust deed was made and delivered by order of the holder. But that statement is canceled, and, under the circumstances in which it was made, the cancellation would seem to be of equal weight, as evidence, with the statement, and to nullify its effect.

Mr. Nissen made the indorsement, and he is satisfied that the erasure of it was made by himself. He knew whether the erasure ought to be made. Being a disinterested party, having the note in his hands, as an attorney; for collection, he can not be supposed to have been actuated by any motive of personal interest to make a wrongful erasure, but to have made the cancellation in the course of professional duty, because it ought to be made as a correct business transaction.

The release of the trust deed would not have been made in the ordinary course, unless the note was paid, or at least equivalent security given. But the note was not paid. Had it been, Mr. Nissen, as an attorney, understanding the correct mode of doing business, would, naturally, have given up the note to Lang, the maker, and not have delivered it to Fischer; and the latter would not have had it in his hands, enforcing it and having it allowed as a valid claim against Lang's estate; nor would the executors of Fischer, these complainants, now have the note in their hands. The statement on the back of the note, that a release of the trust deed had been made and delivered, may be regarded as not true, as, had one been delivered, the defendants would have the release to produce and show in evidence.

It is against all experience, that there should be a release of a trust deed made and delivered, and there be no evidence whatever of it, except a statement of such fact on the back of the note in the hands of the payee.

The statement on the back of the note, that a release of the trust deed had been made and delivered, was evidently a false statement, as shown by the circumstances, and the erasure of it

was properly made, as being untrue. It is a reasonable explanation afforded by the proof, that Fischer left the note with his attorney, Mr. Nissen, for collection; that the latter had seen Lang, and he had probably agreed to pay, and, in anticipation of the payment, Mr. Nissen made the indorsement, and Lang failing to pay the note, Mr. Nissen made the erasure and returned the note to Fischer, the payee. But whatever the explanation, the record does not furnish satisfactory proof that the note has been paid, or the trust deed released.

The decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*

Mr. Chief Justice Scott, dissenting.